## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISMAEL PENALOSA,  #60167-060 | * | |
| | * | |
| Petitioner, | * | Civil Action No. JFM-15-3446 |
| | * | |
| v | * | |
| | * | |
| WARDEN, FCI, Cumberland, | * | |
| | * | |
| Respondent. | * | |
| | *** | |

### MEMORANDUM

Before the court is Ismael Penalosa's ("Petitioner") petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241, challenging a determination by the Bureau of Prisons ("BOP") that his completion of the Residential Drug Abuse Treatment Program ("RDAP") did not render him eligible for early release pursuant to 18 U.S.C. §3621.  Counsel for Respondent, Timothy S. Stewart, warden at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland), by his counsel, has filed a motion to dismiss, or in the alternative for summary judgment. (ECF 12-1).  For reasons to follow, the case will be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [1]

### BACKGROUND

Respondent presents the following uncontroverted information in support of the motion to dismiss.  On September 22, 2014, the United States District Court for the Northern District of Ohio sentenced petitioner to a 70-month sentence with 4 years of supervised release for

---

[1] Petitioner was confined at FCI Cumberland when he filed this petition on November 12, 2015.  He has since been transferred to the Federal Correctional Institution in Milan, Michigan.  Litigants have an affirmative duty to inform the court of any change of address during the pendency of their actions.  *See* Local Rule 102.1.b.iii. (D. Md. 2016). To date, petitioner has failed to notify the court of his new address, and this action will also be dismissed for failure to comply with local rules.  Respondent's counsel notified the court of Petitioner's new address in Michigan. ECF 14.

conspiracy to distribute and possess with intent to distribute 100 kg. or more of marijuana," "conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine," and "possession with intent to distribute 996.79 grams of cocaine," in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B). ECF 1. After petitioner was designated to FCI-Cumberland and determined eligible to participate in RDAP, BOP staff conducted an offense review to determine whether he would qualify for early release upon successful completion of the program. Because petitioner had received a two-level specific offense characteristic ("SOC") enhancement at sentencing for possessing a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1), BOP staff determined he did not qualify for early release. ECF 12-2. Petitioner disputes this determination. He claims the BOP improperly found him ineligible for early release based on the "firearm enhancement," because he was "neither charged with the firearm, nor was the firearm related to the offense." ECF 1; *see also* ECF 4.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the cause of action. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A movant need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3, (2007). Although the court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.). A complaint must allege "a plausible claim for relief." *Id.* at 679.

2

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB–12–1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins*. Co., 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Additionally, a federal court may take judicial notice of documents from prior court proceedings and other matters of public record in conjunction with a Rule 12(b)(6) motion to dismiss without converting it into a motion for summary judgment. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Papasan v. Allain,* 478 U.S. 265, 268 n. 1 (1986)); *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009); *see also* Fed.R.Evid. 201 (Judicial Notice of Adjudicative Facts).  With this standard in mind, the court will review petitioner's claims based upon the unopposed record.

## DISCUSSION

Habeas relief is available under 28 U.S.C. §2241 when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Title 18 U.S.C. §3621(b) instructs the BOP to "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse."  The statute provides for incentives for prisoners to participate in a RDAP, including the possibility of an early release.  It provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [drug] treatment program ***may*** be reduced by the Bureau of Prisons, but such reduction ***may*** not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. §3621(e)(2)(B) (emphasis added).

3

The language of § 3621(e)(2) is permissive, stating that the BOP may grant inmates early release. It does not guarantee eligible inmates early release. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) (BOP has "the authority but not the duty... to reduce [a prisoner's] term of imprisonment); *Pelissero v. Thompson*, 170 F.3d 442, 444 (4th Cir. 1999); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000). The statute vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining early release eligibility. *See* 28 C.F.R. § 550.58 (2008).

Federal regulations permit the BOP to preclude an inmate from receiving early release if that inmate has a current felony conviction for:

> (i) an offense that has an element, the actual, attempted, or threatened use of physical force against the person or property of another,

> (ii) an offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device),

> (iii) an offense that by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or

> (iv) an offense that by its nature or conduct involves sexual abuse offenses committed upon minors.

28 C.F.R. § 550.55(b)(5).

The statute does not define "nonviolent offense" or set forth criteria for eligibility for early release. Pursuant to the broad delegation of authority to provide substance treatment programs, the BOP promulgated regulations, codified at 28 C.F.R. § 550.55, *et seq.* and issued Program Statement 5162.05, Categorization of Offenses, to implement the statute and delineate eligibility criteria. These criteria have been upheld as a valid exercise of agency discretion under 18 U.S.C. § 621(e)(2)(B). *See Lopez*, 531 U.S. at 40; *Cunningham v. Scibana*, 259 F.3d 303, 306

(4th Cir. 2011); *Minotti v. Whitehead*, 584 F.Supp.2d 750 (D. Md. 2008).

BOP Program Statement 5162.05 provides guidance by listing the federal convictions that are always precluded from early release, and those that may be precluded from early release based upon whether the sentencing court adopted an enhanced base offense level or specific offense characteristic.   Included on this list are offenses with a SOC enhancement which increases a defendant's base offense level by two if a dangerous weapon was possessed during commission of that offense. *See* BOP Program Statement 5162.05(4)(b).   ECF 12-4 at 10.   Such is the case here.

Petitioner's claim that he was wrongfully denied eligibility for early release under §3621(e) misunderstands the discretionary provisions of the statute.   Even though an inmate successfully completes the RDAP program, completion does not entitle him to early release because §3621 creates no entitlement to early release.   There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, (1979); *see also O'Bar v. Pinion*, 953 F.2d 74, 84 (4th Cir. 1991) (a statute that creates only a hope about a future discretionary decision by prison administrators is too speculative to create a liberty interest).   Further, petitioner does not claim the BOP abused its discretion by taking into account impermissible factors in denying him early release.   Accordingly, the court will grant respondent's motion to dismiss the petition.

## CONCLUSION

For the reasons stated above, the court finds that the petition fails to state a claim that he is in custody in violation of the Constitution or laws or treaties of the United States.   A certificate of appealability shall not issue because there has been "no substantial showing of the denial of a

constitutional right." 28 U.S.C. §2253(c)(2).  Consequently, the petition will be dismissed in a separate order to follow.


_____          _____
Date                   J. Frederick Motz
                       United States District Judge